IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY KRALOVETZ,<br><br>   Petitioner,<br><br> v.<br><br>GROUNDS, Warden,<br><br>   Respondent. | No. C 11-1552 JSW (PR)<br><br>**ORDER TO SHOW CAUSE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**(Docket No. 2)** |

## INTRODUCTION

Petitioner, a prisoner of the State of California proceeding pro se, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state court conviction. This order directs Respondent to show cause why the petition should not be granted and grants Petitioner's request to proceed in forma pauperis.

## BACKGROUND

In 2007, Petitioner was convicted in Santa Clara County Superior Court of two counts of forcible oral copulation and one count of lewd acts on a child aged 14 or 15. The trial court sentenced him to two consecutive terms of 15-years-to-life in state prison. The California Court of Appeal affirmed on direct appeal, and the California Supreme Court denied a petition for review.

**DISCUSSION**

I.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II.  Legal Claims

As grounds for federal habeas relief, Petitioner claims: (1) that he was deprived of his right of allocution at sentencing; (2) he received ineffective assistance of counsel in 18 different respects; (3) that he was subjected to cruel and unusual punishment in jail immediately prior to testifying; (4) the prosecution failed to turn over required discovery, in two different respects; (4) that his *Miranda* rights were violated in two different respects; (5) he was subject to vindictive prosecution; (6) that he was charged with crimes that did not exist; (7) that he was charged and convicted of a crime that had been dismissed; (8) that he was charged with serving a prior prison term when in fact he had not served one; (9) that the victim's statements to the police implicating Petitioner was coerced by the police; (10) that the prosecution did not prove "force and duress;" (11) there was insufficient evidence to support the conviction for forcible copulation; (12) that the trial court failed to instruct the jury on the lesser-included offenses to the counts of forcible oral copulation; (13) the "one-strike" findings violated his right to due process in three respects; (14) the jury instructions set forth an inadequate standard of proof; (15) amendments to the charges violated the applicable statute of limitations; and (16) the prosecutor committed misconduct in closing argument

Petitioner's claims, when liberally construed, are cognizable.

2

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **ninety (90)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, she shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of the date the answer is filed.

3. Respondent may, within **ninety (90) days**, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

4. It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  She must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

//

//

5. Petitioner's applications for leave to proceed in forma pauperis (docket number 2) is GRANTED in light of Petitioner's lack of funds.

IT IS SO ORDERED.

DATED: May 3, 2011

JEFFREY S. WHITE
United States District Judge

4

<div style="margin-left: auto;">United States District Court<br>For the Northern District of California</div>

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY KRALOVETZ,<br><br>    Plaintiff,<br><br>  v.<br><br>GROUNDS et al,<br><br>    Defendant. / | Case Number: CV11-01552 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 3, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rodney T. Kralovetz
F79317
P.O. Box 705
Soledad, CA 93960

Dated: May 3, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk