IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY KRALOVETZ, | No. C 11-1552 JSW (PR) |
| Petitioner, | **ORDER GRANTING MOTION TO DISMISS; DIRECTING PETITIONER CHOOSE DISMISSAL, AMENDMENT OR STAY OF THE PETITION** |
| v. | |
| GROUNDS, Warden, | |
| Respondent. / | **(Docket No. 8)** |

## INTRODUCTION

Petitioner, a prisoner of the State of California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. The petition set forth thirty-eight claims challenging the validity of his criminal conviction and sentence the state court. The Court ordered Respondent to show cause why the petition should not be granted based upon these claims, directing Respondent to either file an answer or a motion to dismiss. It was explained to Petitioner that if Respondent filed an answer, he could file a traverse, and if Respondent filed a motion, he could file an opposition. Respondent filed a motion to dismiss the petition on the grounds that many of the claims are unexhausted. Petitioner did not file an opposition, but instead filed a traverse. This order grants the motion to dismiss the petition, and directs Petitioner to notify Court of his choice of how he would like to proceed among three options set forth below.

//

## BACKGROUND

In 2007, Petitioner was convicted of two counts of forcible oral copulation, one count of lewd acts on a child, and special allegations that Petitioner bound the victim. The trial court sentenced him to two consecutive terms of 15 years to life in state prison under California's "Three Strikes" laws. The California Court of Appeal affirmed the conviction in an unpublished opinion that denied seven claims. On January 26, 2009, Petitioner filed a petition for review to the California Supreme Court, raising eight of the claims raised herein, specifically, Claims 26 and 31-37. The petition for review was denied on March 18, 2009. On February 24, 2010, Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court that is substantially the same as the instant federal petition. It raised the same 38 claims that are raised herein, including the claims he had previously raised in the petition for direct review. The California Supreme Court denied the habeas petition on October 13, 2010. Thereafter, Petitioner filed the instant federal petition.

## DISCUSSION

Respondent concedes that Claims 26 and 31 through 37, which were all raised in the petition for direct review, have been exhausted. He contends, however, that the remaining 30 claims, which Petitioner only raised in the habeas petition to the California Supreme Court, have not been exhausted.

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Petitioner has the burden of pleading exhaustion in his or her habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

The United States Supreme Court held in *Rose v. Lundy*, 455 U.S. 509 (1982),

that federal courts must dismiss a habeas petition which contains one or more unexhausted claims. *Id.* at 522 (1982). If the petition combines exhausted and unexhausted claims, *Rose v. Lundy* requires dismissal of the entire habeas petition without reaching the merits of any of its claims. *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). However, the rule is not as absolute as might first appear. *Rose* itself provides that the dismissal must be with leave to amend to delete the unexhausted claims; if they are deleted, the court can then consider those which remain. *See Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000). And there are two other exceptions: One is that when the petition fails to raise even a colorable federal claim, it may be denied even if it is partly or entirely unexhausted, 28 U.S.C. § 2254(b)(2), and the other is that rather than dismiss, the court may stay a mixed petition to allow the petitioner to return to state court to exhaust the unexhausted issue or issues, *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

Respondent argues that the 30 claims raised only in the habeas petition to the California Supreme Court were not exhausted because they were denied with a citation to *In re Swain*, 34 Cal. 2d 300, 304 (1949). *In re Swain* articulates California's procedural requirements that a California habeas petitioner allege with particularity the facts supporting his claims and explain and justify any delay in the presentation of the claims. *See In re Swain*, 34 Cal. 2d 300, 304 (1949). Here, the citation to *Swain* was for the proposition that the petitioner did not present his claims with sufficient particularity, as evidenced by the fact that it was accompanied by a citation to *People v. Duvall*, 9 Cal. 4th 464, 474 (1995) (requiring habeas claims to be stated with particularity). *See Pombrio v. Hense*, 631 F. Supp. 2d 1247, 1252 (C.D. Cal. 2009) (holding that when accompanied by citation to *Duvall*, citation to *Swain* indicates that habeas petition being dismissed for lack of particularity). In such a case, the Ninth Circuit treats the *Swain* citation as standing for a denial on procedural grounds which can be cured in a renewed state petition. *See Kim v. Villalobos*, 799 F.2d 1317, 1319 (9th Cir. 1986). State judicial remedies therefore are not exhausted. *See id.; accord McQuown v. McCartney*, 795 F.2d

3

807, 808 n.1, 809 (9th Cir. 1986); *Harris v. Superior Court*, 500 F.2d 1124, 1128 (9th Cir. 1974).

If a petitioner maintains that the state procedural denial based on *Swain* was erroneous because he did allege his claims with particularity and that they are incapable of being alleged with any greater particularity, a federal court cannot per se find the claims unexhausted, and must instead independently examine the petition presented to the state court to determine whether the claims were fairly presented. *See Kim*, 799 F.2d at 1319-20.  Here, however, Petitioner does not contend that the procedural denial was erroneous, that he did allege his claims with particularity, or that the claims cannot be alleged with any greater particularity.  Indeed, in his traverse, which he filed in lieu of an opposition, Petitioner does not dispute that the claims are not exhausted.  Consequently, the Court concludes that the claims that were only raised in the habeas petition to the California Supreme Court, i.e. Claims 1-25, 27-30, and 38 in the instant petition, have not been properly exhausted.  The petition is therefore a "mixed petition" containing both exhausted claims (Claims 26 and 31-37) and unexhausted claims.  Respondent's motion to dismiss the petition will be granted, and Petitioner will be given the option to elect to proceed with one of three courses of action, as outlined below.

**CONCLUSION**

1.   Respondent's motion to dismiss (document number 8) is GRANTED.

2.   Petitioner may chose from three possible courses of action:  (1) he may dismiss this petition with an eye to exhausting and then filing another federal petition;[1] (2) he may amend the petition to dismiss the unexhausted issues, and proceed with those which are exhausted;[2] or (3) he may ask for a stay of this case while he returns to state court to attempt to exhaust the unexhausted issues, then, if unsuccessful in state court,

---

[1] This option is more apparent than real, because any subsequent federal petition would almost certainly be barred by the statute of limitations.

[2] If he chooses this option he probably will not be able to file a future federal petition containing the unexhausted claims because second federal petitions are generally barred by 28 U.S.C. § 2244(b)(2).

4

return here and ask that the stay be lifted and the newly exhausted issues be reinstated. If he chooses the third option, asking for a stay, he must show "good cause" for his failure to exhaust sooner, that the issues are "potentially meritorious," and that he has not engaged in "dilatory litigation tactics." *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).

3. Petitioner must elect one of the three choices set out in section three within thirty days of the date this order is entered. If he does not, this case will be dismissed without prejudice (option 1).

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: December 12, 2011

JEFFREY S. WHITE
United States District Judge

5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RODNEY KRALOVETZ,

    Plaintiff,

v.

GROUNDS et al,

    Defendant.

Case Number: CV11-01552 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 12, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rodney T. Kralovetz
F79317
P.O. Box 705
Soledad, CA 93960

Dated: December 12, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk